## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **KENNETH HINES and TERESA HINES,** | § § § | |
| **Plaintiffs** | § § | |
| **V.** | § § § | **CIVIL ACTION NO. _____** |
| **FERGUSON TRUCKING AND WARREN ERNEST JONES, Individually; Defendants.** | § § § § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Kenneth Hines and wife, Teresa Hines, hereinafter referred to as Plaintiffs, file this their Original Complaint, complaining of the acts or omissions of Ferguson Trucking and Warren Ernest Jones, individually, hereinafter referred to as Defendants and respectfully show the Court and Jury as follows:

## I.
## JURISDICTION

1.     Plaintiffs are residents and citizens of Hopkins County, Texas. Defendants are residents and citizens of Indiana.  This Court has jurisdiction of this action under 28 U.S.C. §1332(a) because this is a controversy between parties of diverse citizenship and the amount in question exceeds $75,000.

The subject matter in controversy is within the jurisdictional limits of this court.

## JURISDICTION & VENUE

1.     Plaintiffs prefer to have the jury determine the fair amount of compensation for Plaintiffs' damages.  It is early in the case to be assessing the full nature and scope of Plaintiffs' injuries, and Plaintiffs place the decision regarding the amount of compensation to be awarded in the jury's hands.

2.     Rule 47 of the Texas Rules of Civil Procedure, however, *requires* Plaintiffs to provide a statement regarding the amount of monetary relief sought.  Accordingly, Plaintiffs state that monetary relief of over $1,000,000, in an amount to be determined by the jury, is being sought.

3.     This court has personal jurisdiction over the parties because all or a substantial part of the events giving rise to this dispute occurred within the State of Texas.  Moreover, this court has personal jurisdiction over Defendants because they do business in the State of Texas and committed a tort in the State of Texas, pursuant to section 17.042 of the Texas Civil Practice and Remedies Code.

## II.
## PARTIES & SERVICE

4.     Plaintiffs Kenneth Hines and Teresa Hines are residents and citizens of Sulphur Springs, Hopkins County, Texas, and may be contacted only through the undersigned attorney of record.

5.     Defendant Warren Ernest Jones is a resident and citizen of Indiana, whose address is 526 N. Marion Street, Holton, Indiana 47023.

2.     Defendant, Ferguson Trucking, is a business and a resident and citizen of Indiana, whose address is 3700 W. 700 North, Edinburgh, Indiana 46124.

3.     Defendant Ferguson Trucking is a business which provides freight and other services and which uses Texas roadways regularly for such purposes. Defendant Ferguson

Trucking has at all times relevant to this litigation regularly conducted business in this state.  On May 8, 2014, Defendant Jones was employed by, and operating a tractor trailer rig owned by, Ferguson Trucking on roadways located in the State of Texas when he failed to yield the right of way in Tyler, Smith County, Texas and struck Plaintiff Kenneth Hines tractor trailer rig, causing it to turn over, causing serious and permanent personal injury to Plaintiffs.

4.  Neither Defendant has appointed an agent for service of process in the State of Texas. Defendants Jones was a non resident of Texas operating a vehicle inside the States of Texas. Defendant Ferguson owned a motor vehicle which its agent, Defendant Jones, operated on the roadways of Texas at the time of the incident made the basis of this suit.  Pursuant to §17.062 Tex. Civ. Prac. & Rem. Code, the Chairman of the Texas Transportation Commission is appointed as statutory agent for service of process for both Defendant Ferguson and Defendant Jones.

5.  Plaintiffs request that the Clerk of the Court issue summons to each of the Defendants Warren Ernest Jones and Ferguson Trucking, to serve the Chairman of the Texas Transportation Commission as follows:   (1) Mr. Ted Houghton, Chairman of the Texas Transportation Commission, 125 East 11th Street, Austin, Texas 78701, as statutory agent for Warren Ernest Jones, to be forwarded to Mr. Warren Ernest Jones at 526 N. Marion Street, Holton, Indiana 47023 by registered or certified mail, return receipt requested, with postage prepaid.   Said forwarding letter shall provide a copy of the process to Mr. Jones and a notice that it has been served on the chairman;  and to (2) Mr. Ted Houghton, Chairman of the Texas Transportation Commission, 125 East 11th Street, Austin, Texas 78701, as statutory agent for Ferguson Trucking, to be forwarded to Ferguson Trucking, 3700 W. 700 North, Edinburgh, Indiana 46124 by registered or certified mail, return receipt requested, with postage prepaid.   Said forwarding

letter shall provide a copy of the process to Mr. Jones and a notice that it has been served on the chairman.

**III.**
**FACTS**

*The Accident*

6.      On or about May 8, 2014 at approximately 11:24 a.m., Plaintiff Kenneth Hines was driving a tractor and trailer (18 wheeler) westbound in the far right hand lane on Loop 323 in Tyler, Smith County, Texas. The defendant, Warren Ernest Jones, was an employee of, and driving a tractor and trailer rig owned by, Ferguson Trucking.  Defendant Jones was traveling eastbound on Loop 323, and turned left across Loop 323 and failed to yield the right of way to Kenneth Hines vehicle and struck his trailer, causing his trailer and tractor to crash over onto its right side, injuring Kenneth Hines.

7.      Defendant Jones negligently failed to exercise a proper lookout, failed to maintain control of his vehicle, failed to yield, failed to control his speed, and failed to obey traffic laws. Due to his inattention, failure to follow traffic laws, failure to exercise a proper lookout, failure to yield, poor training, and poor judgment, this collision caused severe injuries to Mr. Hines.

8.      At all times Defendant Jones was an actual employee or an agent of Ferguson Trucking, acting in the course and scope of his employment or agency by Ferguson Trucking and in the furtherance of Ferguson Trucking's business.  In the alternative, Defendant Jones was a statutory employee assigned to operate a Ferguson Trucking commercial motor vehicle in accordance with 37 Tex. Admin. Code § 4.11, which incorporates § 390.5 of the Federal Motor Safety Carrier Safety Regulations.  All conditions precedent have been legally satisfied.

9.      Plaintiff Kenneth Hines injuries have seriously impacted his ability to make a living, attend to household and domestic duties in the home he shares with his wife, Plaintiff

Teresa Hines. Mr. Hines' has sustained in the past, and in reasonable probability will sustain in the future in varying degrees pain, suffering, mental anguish, medical expenses, physical impairment, physical disfigurement, and loss of wages and wage earning capacity. Teresa Hines has suffered in the past and will continue to suffer in varying degrees in the future loss of consortium and loss of household services.

## IV.
## COUNT I:
## NEGLIGENCE AS TO FERGUSON TRUCKING AND WARREN ERNEST JONES

10.     Plaintiffs incorporate herein by reference the factual allegations described more fully herein and above in Paragraphs 1-9.

11.     Negligence here is pleaded as ordinary negligence, gross negligence, negligent hiring, negligent retention, negligent entrustment, and negligence per se. All such theories are pleaded cumulatively and in the alternative.

### I. *Ordinary Negligence Against All Defendants*

12.     Through its employee, Warren Ernest Jones, Ferguson Trucking had a duty to Plaintiffs to operate its tractor trailer in a reasonable and prudent manner under the circumstances. This duty was breached and Defendants were negligent, without limitation, in the following particulars:

    a.   Failure to yield the right of way to Plaintiff Kenneth Hines;

    b.   Failure to keep a proper lookout;

    c.   Failure to control his speed;

    d.   Failure to apply his brakes to prevent the collision;

    e.   Turning on a red light;

    f.   Driver inattention;

g.  Failure to adhere to and follow the Texas Commercial Motor Vehicle Driver's Handbook and Texas Driver's Handbook;

h.  Failure to adhere to and follow Ferguson Trucking's Driver's Handbook, procedures, policies, regulations and rules pertaining to driving the truck;

i.  Failure to obtain the necessary training, education, and knowledge to safely operate the truck in question;

j.  Negligence per se;

k.  Such other and further acts of negligence as may be shown in the trial of this case as discovery progresses.

13.  Each of such acts and omissions, singularly or in combination with others, were a proximate cause of the injuries of Plaintiffs, which Plaintiffs pray for judgment in an amount in excess of the minimum jurisdictional limits of this Court.

## II.   *Negligent Hiring, Training, Supervision, Retention, and Entrustment Against Ferguson Trucking*

14.  On May 8, 2014, Defendant Warren Ernest Jones was an employee of Ferguson Trucking, or a statutory employee of Ferguson Trucking under 49 C.F.R. §§ 376.11–.12, 390.5 *et seq.*, 37 Tex. Admin. Code § 4.11 *et seq.*, and other applicable law.  An employer-employee relationship existed between the Defendants.

15.  Defendant Ferguson Trucking owed a duty to Plaintiffs to use ordinary care in hiring, training, supervising, and retaining Defendant Warren Ernest Jones.  Defendant Ferguson Trucking knew or should have known that Warren Ernest Jones was unfit, incompetent, and/or reckless and that his employment created an unreasonable risk of harm to Plaintiffs and others. Defendant Ferguson Trucking failed to use ordinary care in hiring, training, supervising, and retaining Warren Ernest Jones.  Defendant Warren Ernest Jones committed an actionable tort by

negligently operating the truck and proximately causing the crash in question, as further outlined above and incorporated by reference here fully.

16.     Specifically, Defendant Ferguson Trucking breached its duty to hire, supervise, train, and retain competent employees in the following ways:

    a.  Failure to conduct a reasonable and adequate interview of Defendant Warren Ernest Jones as a potential employee.

    b.  Failure to properly follow up on information not provided by Defendant Warren Ernest Jones in the interview process, if any.

    c.  Failure to conduct a proper employment and background check of Defendant Warren Ernest Jones.

    d.  Failure to sufficiently investigate Defendant Warren Ernest Jones' training, prior employment, criminal record, documentation, and past.

    e.  Failure to adopt proper policies and procedures regarding the interview of a potential employee who would be driving a commercial motor vehicle or delivery truck on the roadways of the State of Texas.

    f.  Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

17.     Defendant Ferguson Trucking additionally owed a duty to Plaintiffs to use ordinary care in entrusting the truck to Defendant Warren Ernest Jones. On May 16, 2014, Defendant Ferguson Trucking had control of the truck operated by Defendant Warren Ernest Jones and had entrusted it to him. Additionally or alternatively, on May 16, 2014, Defendant Ferguson Trucking had the right to control the delivery truck operated by Defendant Warren Ernest Jones and had entrusted it to him. Defendant Ferguson Trucking knew, or through the exercise of

reasonable care should have known, that Defendant Warren Ernest Jones was an incompetent, unfit, and/or reckless driver. Defendant Warren Ernest Jones committed an actionable tort by negligently operating the truck and proximately causing the crash in question, as further outlined above and incorporated by reference here fully.

18.    Because Defendant Warren Ernest Jones' negligence was the proximate cause of Plaintiffs' damages, and Defendant Ferguson Trucking negligently hired, trained, supervised, retained, and entrusted him with the delivery truck involved in the collision in question, Defendant Ferguson Trucking is directly liable to Plaintiffs for negligent hiring, training, supervision, retention, and entrustment.

## III.    *Negligence Per Se Against All Defendants.*

19.    Defendants, collectively, individually, and/or through its agents or employees, violated safety rules and regulations that are intended to protect against the harm that resulted and to protect the Plaintiffs and class of persons to which Plaintiffs belong.  Defendants violated, among other safety rules, sections 542.060, 545.063, 545.103, 545.104, 545.151, 545.155, 545.302, 545.401 and 550.023 of the Texas Transportation Code, and other safety standards and regulations designed to protect against the type of harm that resulted from Defendants' negligent and grossly negligent operation of the commercial motor vehicle or truck involved in the incident in question.

20. Plaintiffs belong to the class of persons that these statutes were designed to protect, and Plaintiffs' injuries are the type of injuries that these statutes were designed to prevent.  These statutes, in other words, are those for which tort liability may be imposed when violated. Defendants, individually and/or collectively, violated these statutes/regulations without excuse. These acts and omissions directly and proximately caused the injuries and damages suffered by

Plaintiffs as more fully set forth herein and below.  Therefore, Defendants are liable under the doctrine of negligence *per se.*

21. Each and every one of the foregoing acts and omissions, as well as others, which are not specifically mentioned herein, constitute negligence and each and every such act and/or omission were the proximate cause of the collision and of Plaintiffs' damages, for which Plaintiffs pray for judgment in an amount in excess of the minimum jurisdictional limits of the Court.

## V.
## COUNT II:
## VICARIOUS LIABILITY AGAINST FERGUSON TRUCKING

22. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Warren Ernest Jones was within the course and scope of employment for Defendant Ferguson Trucking.

23. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Warren Ernest Jones was engaged in the furtherance of the business of the Defendant Ferguson Trucking.

24. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Warren Ernest Jones was engaged in accomplishing a task for which he was employed by Defendant Ferguson Trucking.

25. Additionally or alternatively, at the time of the occurrence of the act in question and immediately prior thereto, Defendant Warren Ernest Jones was a statutory employee of Defendant Ferguson Trucking under 49 C.F.R. §§ 376.11–.12, 390.5 *et seq.*, 37 TEX. ADMIN. CODE § 4.11 *et seq.*, and other applicable law.

26.     Therefore, under the doctrine of respondeat superior, Defendant Ferguson Trucking is vicariously liable for Defendant Warren Ernest Jones' conduct, further outlined elsewhere in this petition and incorporated by reference here fully.

## VI.
## COUNT III:
## GROSS NEGLIGENCE AGAINST ALL DEFENDANTS

27.     Plaintiff incorporates paragraphs 1-26 herein.  Plaintiffs would further show, these acts and omissions, when viewed from the standpoint of Defendants, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others. Defendants had actual, subjective awareness of the risks of their conduct, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

28.     Plaintiffs would further show that the injuries and damages that Plaintiffs sustained in the incident in question were caused by the gross negligence of Defendants acting by and through their employees, agents, drivers, officers, and representatives in the course of employment for said Defendants.

29.     As such, Defendants are grossly negligent and should be subjected to exemplary damages.

## VII.
## DAMAGES FOR PLAINTIFFS

30.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs suffered severe injuries and incurred the following damages:  Mr. Hines' has sustained in the past, and in reasonable probability will sustain in the future in varying degrees pain, suffering, mental anguish, medical expenses, physical impairment, physical disfigurement, and loss of wages and wage earning capacity. Teresa Hines has suffered in the past and will continue to suffer in varying degrees in the future loss of consortium and loss of household services.

## VIII.
## JURY DEMAND

31.     Plaintiffs demand a jury trial and tenders the appropriate fee with this petition.

## IX.
## CONCLUSION & PRAYER

32.     Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and, upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by section 41.008 of the Texas Civil Practice and Remedies Code, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which the Court determines Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

**TED B. LYON & ASSOCIATES, P.C.**

By:_____/s/ Bill Zook_____
     BILL ZOOK
     State Bar No.  22285500
     _____/s/ Ted Lyon_____
     TED B. LYON
     State Bar No. _____
     Town East Tower, Suite 525
     18601 LBJ Freeway
     Mesquite, Texas 75150
     Telephone:  (972) 279-6571
     Facsimile:  (972) 279-3021
     bzook@tedlyon.com
     tblyon@tedlyon.com

**ATTORNEYS FOR PLAINTIFFS**